Our next case today is United States v. Cristian Ponce. Good morning, may it please the court. The district court clearly erred by determining that Ponce's self-defense claim was legally irrelevant to the application of the 2D1.1 murder cross-reference because the shooting occurred during a drug transaction. A killing in self-defense, whether or not it occurs during a drug transaction, is not murder under Section 1111. In effect, the district court created a per se rule in this case that self-defense is never available in a drug transaction. The Fifth Circuit's holding in Santiago is highly persuasive here and should be adopted by this court. So, you know, I would say I think, I mean, I'm not sure whether we have to reach the issue. Maybe we do. But I think that it's probably a case-by-case inquiry as to whether self-defense is available to get out from under the enhancement. I think that's probably the case. So, you know, I think what, in this case, we have some factual findings by the district court and you, you know, I mean, it's a hard position to be in always when you're subject to the clearly erroneous standard. When our circuit has said that means it has to be against the laws of nature to find it clearly erroneous. But I think, at least for me, I'd like to hear you focus on why the district court's finding that this was not in self-defense was clearly erroneous. Well, there was no finding that this was not in self-defense. The finding was, was that the idea of self-defense or the defense of self-defense was legally irrelevant to the application of the cross-reference. The finding in this case, the court limited its factual finding to reasonable foreseeability as it pertains to relevant conduct under 1B1.3 and Pinkerton co-conspirator liability in order to find that Ponce was accountable for the killing. But then the court did not engage in the four-pronged analysis required to determine whether the killing was actual self-defense or whether it was illegal murder for purposes of the application of the cross-reference. The defense met its initial burden of production as to the . . . But the sentencing transcript, you do have the parties are discussing this issue. And we have Mrs. Mukar saying, I think that Mr. Ponce put himself there negligently and in a negligent manner. So this is coming in, this discussion, these factors are coming in before the district court, right? Well, counsel admitted that Ponce did put himself in the situation negligently to conduct a drug transaction. But then the argument continues to say that there are distinguishing circumstances in this case for self-defense to apply. Namely, that there was a premeditated plan to lure Ponce and Xavier to the plaza under the pretext of a drug sale for the purpose of ambushing them with firearms upon their arrival. And importantly, Your Honor, the government states that agrees with the courts that whether or not there was self-defense in this case was irrelevant because it was in . . . This was a quote-unquote drug transaction. But also, the judicial findings in this case was that it makes no difference with respect to the legal application of the cross-reference whether or not Ponce and Xavier acted in self-defense. But, I mean, Mr. Ponce argued that Xavier's return fire, quote, very well might have been self-defense, unquote, right? Does the uncertainty that even Mr. Ponce put forward on that cause a problem for you? No, because there's no finding. We don't know on the record whether or not this was actual self-defense that met the four prongs required to show self-defense. Counsel, what about the fact that I think it's conceded that the shots were almost in unison, that there was no ability to tell who shot first? That's something that the defense, I think, concedes. How would the district court have even contemplated or analyzed self-defense in a case where there's no evidence on which they could rely on self-defense? The shots are . . . nobody could tell who shot first. Well, who shot first is . . . let me say, it does not make a difference in this case who shot first because what the requirement is, is that there was a perception of imminent threat of death or serious bodily injury. So, the minute that the guns were pulled and the firearms were aimed . . . and in this case, we have Marrero who takes a tactical position in front of the vehicle as it pulls into the plaza, and we have Eskalin come up and approach the side with his firearm pulled. That's enough to invoke a self-defense claim. Now, whether or not that actually meets the burden under the four-pronged analysis was up to the district court to decide. It's not up to this court to decide as a fact finder, but it's up to the district court to decide, and that's what the district court neglected to do. So, your position is that we should send it back to the district court to make factual findings on this specific issue? The court should determine whether or not self-defense actually applied in this case, yes, Your Honor. We met the initial burden of production, the defense did, and it was up to the government. The defense met its initial burden as to prong two by showing that Eskalin and Marrero devised a premeditated plan to lure them to the plaza under the pretext of a drug sale in order to ambush them with firearms upon their arrival, leaving Ponce and Xavier with no choice but to defend themselves. The burden should have shifted to the government to disprove the self-defense claim. Let me ask you a question, though. Doesn't self-defense require that the defendant not recklessly or negligently place himself in a situation requiring defensive force? Yes, but what Santiago says is that engaging in criminal activity in and of itself does not negate a self-defense claim. There has to be something more, and that's actually... Let me just ask the second part of this question then. Given the concession that he was negligent in putting himself in that position, does that, I mean, it seems like maybe that sort of creates an impossibility for your client to be able to take this defense. No, Your Honor, because the concession wasn't a flat-out agreement as to prong two. There was no decision as to prong two, the negligent and reckless requirement, and it was up to the government to disprove prong two in this case. So, the defense counsel, while admitting that he may have put himself negligently into a drug transaction, continued to argue that Ponce and Savio were not the aggressors, did not provoke Escalin and Moreno to... Well, and this goes back to what, I guess, concerns me about Santiago and your reliance on it in addition to the fact that it's not binding because that's the Fifth Circuit. I think you can distinguish Santiago where the defendant there was claiming self-defense after the would-be robbers initiated a shootout at the hotel room where the defendant was selling drugs. But in this circumstance, I think it certainly cuts against your client that they went on to a rival drug dealer's turf. How does that not sufficiently distinguish Santiago? How does that not support the concession that they negligently put themselves in that position? So, first of all, Your Honor, there is no evidence on the record that affirmatively shows that Ponce and Savio knew that this was rival territory that they traveled to for the drug transaction. So, second of all, with regard to Santiago, there's a difference between a finding of reasonable foreseeability for relevant conduct purposes and negligent and reckless conduct for self-defense purposes. And what we see is that fleshed out in Santiago. Was it reasonably foreseeable in Santiago for the defendants who were holed up in a hotel room with a bunch of cash and a bunch of drugs to foresee, reasonably foresee that they would be robbed? Yes, I would say. But that was not the standard that applies. The standard that applies is the four-pronged analysis, which is consistent with 11th Circuit case law. That would be in Alvarez regarding the application of self-defense to a section 1111 offense. It's a four-pronged analysis that the court is required to go through to determine whether or not the killing is an illegal killing or whether it's a legal killing that is in self-defense. And the court did not do that in this case. All right, thank you very much.  And you've reserved five minutes for rebuttal. We'll hear next from Ms. Hoffman. Thank you, Your Honor. May it please the court, Karen Hoffman for the United States. Excuse me. Let me just jump right in here.  Ask you, why shouldn't we send this back to the district court to make express factual findings? Because the court made the express factual finding that was necessary, and that's because Mr. Ponce and Mr. Savier not only were negligently there, but were negligently there because it was a drug transaction. The court zeroed in in the sentencing hearing on the precise fact that the court found satisfied the you have placed yourself negligently in the plaza. Um, what my sister calls analysis, but it was what is actually a factual finding and a factual burden of production when you were talking about self-defense. And I can point the court to particular pages. So at the very, the very first time that Mr. Ponce brings up self-defense, this is on page 11 and 12. The court asks, there is no dispute that this was a drug transaction, correct? Public defender did not necessarily answer that. And so then on page 25, the court asked what the evidence was there for, excuse me, what the evidence in the record supported whether there was a drug transaction. The United States then gave all of that evidence, and on page 35 actually tied that evidence to the fact that Mr. Ponce had negligently placed himself there, actually argued that to the court, pointed out that the evidence all supported that he had negligently placed himself there, regardless of whether we're going to recognize self-defense or vicarious self-defense under this cross-reference. Then at number 37, the court finds as a factual matter that the United States has satisfied its burden of showing that there is a drug transaction. And at page 50, when doing, when the court talks about his particular sentencing findings, it actually states that provocation, instigation, all of these other facts that were being argued over are really irrelevant to the fact that Mr. Ponce and Mr. Xavier clearly negligently placed themselves there, which the defense also specifically admitted. So those are the factual findings. If we were to decide hypothetically that that was a requirement that you had to show provocation, then we would have to send it back, right? Provocation, Your Honor. I think in Santiago, provocation, first of all, Santiago, as we argued in our brief, is an incorrect interpretation of Fifth Circuit law. But secondly, provocation would go to the first prong of self-defense, whether there was an actual threat. So provocation falls out. The court did not make findings under the first. The court said that it was necessary to, and that all of this that the defense was putting forward was unnecessary to decide self-defense. Why? Because he negligently placed himself there. Right. So, and I'm not saying one way or the other. We haven't discussed this. I'm just asking questions so that when we have to go back and write the opinion, I know we've thought through all of the different contingencies. So let's just assume hypothetically, for purposes of this question, that we decide we like the Santiago formulation. Would you concede in that situation that it would have to go back for a factual finding on that next prong? No, Your Honor, because that next prong is only one of the four facts supporting self-defense, where it is the defendant's burden to produce that evidence. And if we're talking about, the burden is not to assert. The burden is to produce evidence. Then at trial, of course, the United States has to negate that evidence. In the sentencing context, I assume that it would work the same way and we would have to negate that evidence, which we did on the second prong. No, Your Honor, we would certainly not have to send this back for provocation because, again, that's a factual finding under self-defense. The court skipped that. The court said it doesn't matter because you were there for a drug transaction. Clearly, you negligently placed yourself in the situation. What I'm saying is, let's say that hypothetically, if we were to adopt the Santiago formulation, there are certain things that they have to show, right? And the district court doesn't make a finding on whether they showed that there was a provocation or not. Why wouldn't we have to send it back in that case? Because each of those facts is on the defendant and if any one is not shown, then there is no self-defense. So we need not make those. So your position then, I just want to make sure I'm understanding it, is that it would be impossible for the district court to have found provocation on this record because the defense did not make an adequate showing. Is that what your position is? No, Your Honor. I mean, I believe that the court actually could have found provocation on this record. And again, the standard of review, as the court has several times pointed out already, is a hard standard. It is a factual standard. The clear error standard applies to the court's factual findings. There was certainly enough evidence in the record. The court could have found, by preponderance of the evidence, that Xavier or Mr. Ponce provoked if that was a factual finding that was necessary to defeat self-defense, but it was not. Have I answered? Yes, I understand your position. Again, I... Actually, let me just...  Just to be sure, you're saying that it wouldn't have to be sent... Well... I mean, so here's the issue, right? If there are four things that they have to show, right? That they have to produce evidence on right so that the court can find... Right. And if we decide that there are those four things, and they have produced evidence, arguably have produced evidence to show that there wasn't provocation, okay? And there's no factual finding on that. Even though there's evidence in the record that the government produced that there was provocation, why wouldn't you have to send it back down to the district court to make the finding that there was provocation if we were to adopt the Santiago framework in its entirety the way that... Because the finding that the court is making is that they cannot raise self-defense. The finding that the court is making underlying that is that the defendant has negligently placed himself there. I understand that, but that... There's no requirement that the court say, you also have not produced evidence on the first, you also have not produced evidence on... You're saying, I'm sorry, I'm a little slow, it's our last day of arguments this week, so bear with me. So you're saying then that if they lose on any one of the four prongs, they necessarily lose? Absolutely, just like a trial. And it doesn't really matter what happens on the other prongs? Just like a trial, Your Honor. Sorry, I'm a little slow here. Thank you for bearing with me. Thank you. And thank you for allowing me to articulate since obviously I did not at first. But the underlying issue here is that, well, I'll just skip to what this court needs to decide or not. This court does not need to decide whether to apply self-defense on any cross-enhancement. It does not need to decide whether it needs to apply self-defense under 2D1.1 D1 versus 2K1.1. We submitted a 28-J on that because I think that's an underlying issue that was not actually briefed. And this court does not need to decide anything else other than the court did not clearly err in applying the application, excuse me, applying the cross-reference. And that is because the court did not clearly err in pretty darn clearly finding that they were there for a drug transaction and therefore had negligently placed themselves in the situation. Do Your Honors have any other questions? Thank you. Thank you very much. Ms. Fitz, you've reserved five minutes. Thank you, Your Honor. Why wouldn't it negate the need to go into the findings on whether there had been provocation, the fact that there was a finding that they were negligently there? Well, there was not a finding that they were negligently there. There was not a finding that they were negligently there. I have to repeat that because the finding was is that it was reasonably foreseeable, but there was no actual finding on prong two that they were negligently there because the court created a categorical rule. Didn't your client concede that? I mean, isn't that the same thing as basically there being a finding? That's like a half-truth, right? Well, that's what I'm asking you. Yeah, I mean, it's a half-truth. She conceded, yes, that they negligently engaged in a drug transaction. They were negligently at the plaza to engage in a drug transaction, yes, but this was unbeknownst to Ponce and Savier. This was a ambush, a premeditated plan to lure them to the plaza under the guise of a drug sale in order to ambush them because they were infringing on rival turf. So we've got to write an opinion here. First of all, let me ask you, do you agree that your client had the burden of production if we were to adopt Santiago's standard on all four of the prongs, right? Yes. Okay, if you left off any one of them, then you lose, right? If we don't meet the burden of production and there's a finding that we don't meet one of the four requirements on the record, then yes, we lose. Okay, but if there's any one that you lose under, then you lose under Santiago. Correct. Okay, so here's the problem. Your client conceded, and I know you're sort of parsing it, but I'm not understanding what the difference is, that he was negligently there. I know you're saying, well, he wasn't completely negligently there, but how can we parse it that way? Santiago's requirement doesn't say, well, how negligent was he? Your client conceded he was negligently there. How do we get out from under that? So I think there's this difference between the idea of whether self-defense as a defense is available to the application of the cross-reference, because the cross-reference defines itself by section 1111, right? And whether the defense of self-defense actually applies. So in this case, our position is, is that the defense of self-defense was available, and that's consistent, Your Honor, with 18 United States Code section 924J, which is the statute that criminalizes a killing that occurs in the course of a 924C violation. 924J, just like the cross-reference, defines murder by reference to section 1111. So the statutory framework that was set up by Congress is consistent with the availability of self-defense in the application of the murder cross-reference. Why does it matter that it's available if we find it doesn't apply? Well, those are two different findings, right? But you're still having, and the quote on page 36 of the sentencing transcript, that the attorney for your client said, yes, I think the weakest we have in the defense, did Mr. Ponce therefore put himself there negligently and in a negligent manner? Yes. How do you overcome that concession? The next sentence says, but he's not with the group of individuals who are the aggressors and are shooting. So how can he reasonably foresee that someone is coming up with a plan to shoot and kill your friends? You're conceding prong two, but not prong one. We are not conceding. There was no findings that were made by the district court on any of the prongs. Yeah, but the attorney has just conceded prong two. But the court, if you go to the next page on page 37, and this is the paragraph that starts at line 13, the court says whether Mr. Ponce participated in it, whether Mr. Ponce knew, could have known, should have known that these other folks were, if I accept your version of the facts, lying in wait for him and his accomplice or his co-conspirator, in my view, makes no difference with respect to the legal application of the cross-reference. So all this court has to do is say, yes, self-defense was an available defense for the defense to make. And if they meet their initial burden, then the burden should shift to the government to disprove it. That's why we're asking that the court just remand, say that this is an available defense to the cross-reference and make the district court determine properly whether the self-defense applies to this case with proper analysis of the four prongs that are required under Santiago and 11th Circuit law. All right. Thank you, counsel. Thank you very much. I recognize that it's been the same counsel for the last two cases and it's a lot to prepare for one day. So we thank you for your capable arguments on both sides. Our next...